**From The Desk of The Prime Minister Chief LightFoot of Yamassee Tanasi Tribal Gov. within The Mund Bareefan Clan Indigenous Native American Association of Nations Original Guale, Yamassee, Mechica, Cherokee, Creek, Seminole, Washitaw, Comanche, A Party to the "Treaty of Camp Holmes 1835" & The UNDRIP Charter.**

# UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF TENNESSEE

Filed on Behalf of Twana Coleman a member fo the Guale Yamassee Tanasi Tribal Government (Full Faith & Credit – within Washington, D.C. & S.O.S of Tennessee both Authentication's)

---

**GUALE YAMASSEE TANASI TRIBAL GOVERNMENT,**
acting through Prime Minister Chief Lightfoot,
as Sovereign Tribal Authority and Clan-Authorized Representative
for Indigenous Mother **Twana Coleman**
and Indigenous Child **Jayda Lawrion Rhea**,
Petitioner / Removing Party,

v.

**TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES,**
Lawrence Peter Rhea III, Shelby County Juvenile Court, CASA, GAL, Foster Care,
and all associated state officers and contractors,
Respondents.

RECEIVED

DEC 05 2025

Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

---

**Related Federal Proceeding:**
**In re Petition of Twana Coleman under Fed. R. Civ. P. 27,**

Case No.: _____

---

# UNIFIED FEDERAL TRIBAL FILING

Notice of Removal • Emergency TRO • Emergency Stay • Federal Tribal Complaint • Venue Motion • Tribal Resolution • Emergency Tribal Intervention • Tribal Emergency Removal • Addendum of Civil Action

New Case No: _____

---

**To Verify authenticity, of Document with this water mark Please call 1-844-926-2773 Ext (1), it must have Chief LightFoot Seal and Signature, from my desk. Or contact Yamassee Registry. (667) 465- 7232**
**Government # 1917**

**From The Desk of The Prime Minister Chief LightFoot of Yamassee Tanasi Tribal Gov.within The Mund Bareefan Clan Indigenous Native American Association of Nations Original Guale, Yamassee, Mechica, Cherokee, Creek, Seminole, Washitaw, Comanche, A Party to the "Treaty of Camp Holmes 1835" & The UNDRIP Charter.**

# INTRODUCTION

The Guale Yamassee Tanasi Tribal Government, a sovereign nation with full Faith and Credit out of Washington, D.C. Authentication **# 04010010-1** and S.O.S. Tennessee Authentication **#17-02066** submits this Unified Federal Filing on behalf of Tribal Member **Twana Coleman** and Indigenous child **Jayda Lawrion Rhea**, due to ongoing violations of sovereignty, due process, equal protection, tribal jurisdiction, and federally protected rights committed by Tennessee officials.

This filing unifies:
- **A Notice of Removal**
- **An Emergency Motion for Temporary Restraining Order (TRO)**
- **A Motion to Stay all ongoing state proceedings**
- **A Federal Tribal Complaint**
- **A Motion for Change of Venue and/or Assignment to a Neutral Article III Judge**
- **A Tribal Resolution invoking clan-based jurisdiction**
- **An Emergency Tribal Intervention**
- **A Tribal Emergency Removal Request**

The Tribal Government has a sovereign duty to protect its members and children from unlawful state action. Tennessee ignored that sovereignty, ignored the Mother's Indigenous status, denied tribal participation, and proceeded with a procedurally defective dependency trial on November 18, 2025 under conditions amounting to fraud upon the court. **Gaule Yamassee Attorney of fact are not Practicing law but to deal with facts and finding factors of facts- Proverbs 14:25 "A true witness delivereth souls: but a deceitful witness speaketh lies: (John 8:32 \ Know Truth)**.The trial transcript now confirms multiple unlawful acts that require immediate federal intervention.

## RELATIONSHIP TO PENDING RULE 27 PRESERVATION PROCEEDING

Before the November 18, 2025 dependency trial and the subsequent ruling that shifted custody to the father, Indigenous Mother Twana Coleman already invoked this Court's jurisdiction through a pending Petition under Federal Rule of Civil Procedure 27. In that Rule 27 proceeding, Ms. Coleman placed the Court on notice that:

• the alleged abuse incident occurred while the child was in the care and custody of the father;
• Tennessee Department of Children's Services (DCS) and affiliated actors were refusing to produce critical records, including the full DCS case file, forensic interview audio and video recordings, GAL reports, full CASA reports provided to the judge but not in case file., foster care documentation, and other materials directly bearing on the child's safety;
• state actors were suppressing and distorting evidence of the child's disclosures, including disclosures that pointed back to the father as the source of harm; and

To Verify authenticity, of Document with this water mark Please call 1-844-926-2773 Ext (1), it must have Chief LightFoot Seal and Signature, from my desk. Or contact Yamassee Registry. (667) 465- 7232
Government # 1917

**From The Desk of The Prime Minister Chief LightFoot of Yamassee Tanasi Tribal Gov.within The Mund Bareefan Clan Indigenous Native American Association of Nations Original Guale, Yamassee, Mechica, Cherokee, Creek, Seminole, Washitaw, Comanche, A Party to the "Treaty of Camp Holmes 1835" & The UNDRIP Charter.**

- there was an urgent need for federal preservation of testimony and records because state-level processes were being used to conceal, rather than to reveal, the truth.

That Rule 27 petition remains pending and has not been meaningfully acted upon, even as the harm to the child has escalated. During the November 18, 2025 trial, the very dangers identified in the Rule 27 filing were realized: the state rewarded the father with custody, despite the incident occurring on his watch, while continuing to isolate the child from her Indigenous mother and maternal family.

This Unified Federal Tribal Filing therefore does not arise in a vacuum. It is a direct continuation and expansion of the already-open Rule 27 proceeding. It brings forward:

- the same core safety concerns identified in the Rule 27 petition;
- additional evidence and testimony that have since emerged; and
- the Tribal Government's sovereign intervention and demand for federal protection of its Indigenous child and mother.

To the extent necessary, the Tribe and Ms. Coleman request that this Unified Filing be accepted in the same federal docket as an amended and supplemental pleading; or, in the alternative, that it be deemed related and consolidated with the existing Rule 27 case so that all federal issues concerning this child's safety, the father's conduct, the state's suppression of evidence, and the Tribe's sovereign rights are heard together in one coherent proceeding.

## THE TRIBE'S SOVEREIGN AUTHORITY & THE STATE'S REFUSAL TO HONOR IT

The Guale Yamassee Tanasi Tribal Government exercises inherent sovereign authority through:
- Clan-based jurisdiction
- Child-protection authority
- Representation of tribal members
- Cultural protection
- Government-to-government relations

Once Indigenous Mother Twana Coleman invoked her Tribal Clan, Tennessee officials were legally obligated to:
- Provide tribal notice
- Permit tribal participation
- Honor full faith and credit
- Allow tribal representation
- Recognize cultural and sovereign rights

To Verify authenticity, of Document with this water mark Please call 1-844-926-2773 Ext (1), it must have Chief LightFoot Seal and Signature, from my desk. Or contact Yamassee Registry. (667) 465-7232
Government # 1917

**From The Desk of The Prime Minister Chief LightFoot of Yamassee Tanasi Tribal Gov. within The Mund Bareefan Clan Indigenous Native American Association of Nations Original Guale, Yamassee, Mechica, Cherokee, Creek, Seminole, Washitaw, Comanche, A Party to the "Treaty of Camp Holmes 1835" & The UNDRIP Charter.**

Instead, Tennessee: Magistrate William Glasgow BPR: 022804
• Excluded the Tribal Chief from participating in the proceedings, including during a private breakout-room meeting between the judge, GAL, CASA, DCS, and the child—despite the mother being pro se and legally entitled to support;
• Ignored tribal certifications and resolutions;
• Proceeded as though the Tribe did not exist;
• Conducted the trial without tribal consultation;
• Denied the Tribe's right to protect the Indigenous child.
• Made a ruling without all of the facts on the case, while acknowledging the documents were missing.
• Dismissed mother's previously filed Motion to Vacate and Dismiss for Fraud Upon the Court, Lack of Jurisdiction, Due-Process Violations, and Federal Non-Compliance at the closing of trial in addition to mother's repeated admissions that she was "proceeding under duress"

These actions constitute direct violations of tribal sovereignty, due process, and full faith and credit obligations under federal law.

# THE CHILD'S SUFFERING AND THE STATE'S ROLE IN CAUSING FURTHER HARM

Tennessee's actions inflicted severe emotional, psychological, and cultural trauma upon the Indigenous child, supported directly by the sworn testimony in the trial transcript.

The transcript reveals that **Youth Villages Family Intervention Specialist Zanndrea Jones**, who saw the child three times a week over five months, testified that:

• The child repeatedly expressed fear of her father, stating he "pressures her to answer questions she does not want to answer," causing her to lie to avoid upsetting him;
• The child became so emotional she "talked as if she couldn't breathe" when discussing her father;
• She stated she "just wants to visit dad and be with mom";
• Ms. Jones made multiple requests to DCS for the child to receive a full mental-health evaluation due to ongoing anxiety, but DCS never followed through;
• DCS ignored all therapist communication concerning the child's needs;
• Lakeside hospital records were withheld from the Juvenile Court file despite being reviewed by the therapist and containing the child's direct statements of abuse by the father.

**From The Desk of The Prime Minister Chief LightFoot of Yamassee Tanasi Tribal Gov. within The Mund Bareefan Clan Indigenous Native American Association of Nations Original Guale, Yamassee, Mechica, Cherokee, Creek, Seminole, Washitaw, Comanche, A Party to the "Treaty of Camp Holmes 1835" & The UNDRIP Charter.**

The transcript further reveals that **Visitation Supervisor Emma Taylor** testified under oath that:

- The child stated her father had "whooped" her for taking sprinkles;
- The child described being spanked by her father with a hand and a belt;
- The child stated the father's looks "scare her" and make her afraid to talk;
- The child disclosed she lies so her father "won't get upset";
- All of these disclosures were reported to DCS, yet DCS suppressed these reports from the case file and from the Juvenile Court.

Additionally, **maternal grandmother Sandra Taylor**, who provided frequent care for the child, testified that:

- She observed no injuries on the child when the child was with her two days prior to father's visit when the bruises were discovered;
- She saw fresh bruises on the child after visiting the father;
- She was instructed by DCS not to speak to the child about what happened, despite no legal authority;
- The child said she could not tell the truth because she would "get in trouble";
- The grandmother was willing and available for kinship placement, with a stable home and consistent childcare involvement, yet DCS obstructed family placement without valid cause.

These testimonies were given under oath, yet **none of these disclosures were meaningfully considered by DCS, CASA, the GAL, or the Juvenile Court**, and the evidence was not included in the court file.

Instead, Tennessee isolated the Indigenous child, increased placement with the alleged abuser, and denied safe family or maternal placement despite overwhelming contrary evidence.

Furthermore:

- **No adjudicatory order was ever issued or provided to the mother.** The child was removed exactly one week after being discharged from Lakeside Hospital, with no opportunity to decompress or stabilize, and family placement was denied despite it being the least-traumatic option.
- **The mother was denied all visitation for approximately 2–3 months.**
- **The mother was restricted to supervised visitation while the father was granted expanded, unsupervised visitation**—despite the allegations originating from his side and despite the evidentiary contradictions.
- **The child was denied meaningful therapy and appropriate aftercare**, contrary to all clinical recommendations.
- **Tribal protections, ICWA-based requirements, and clan-assistance rights were ignored entirely.**

To Verify authenticity, of Document with this water mark Please call 1-844-926-2773 Ext (1), it must have Chief LightFoot Seal and Signature, from my desk. Or contact Yamassee Registry. (667) 465- 7232
Government # 1917

**From The Desk of The Prime Minister Chief LightFoot of Yamassee Tanasi Tribal Gov.within The Mund Bareefan Clan Indigenous Native American Association of Nations Original Guale, Yamassee, Mechica, Cherokee, Creek, Seminole, Washitaw, Comanche, A Party to the "Treaty of Camp Holmes 1835" & The UNDRIP Charter.**

The cumulative effect of these actions has caused—and continues to cause—severe and compounding harm to both the Indigenous child and the Indigenous mother.

# FEDERAL OBLIGATIONS NOW REQUIRE INTERVENTION

This Unified Filing invokes:

- 28 U.S.C. §1441 – Removal
- 28 U.S.C. §1443 – Civil rights removal
- 28 U.S.C. §1446(d) – Mandatory stay
- 28 U.S.C. §1362 – Tribal access to federal court
- 42 U.S.C. §1983 – Constitutional violations
- UNDRIP Articles 3, 7, 8, 18, 22, 40

Federal law requires this Court to:

1. Accept jurisdiction;
2. Stay all state proceedings immediately;
3. Recognize tribal authority;
4. Protect the Indigenous child from ongoing harm;
5. Investigate the procedural fraud, suppression of evidence, and unlawful trial;
6. Remediate constitutional and tribal-rights violations.

# NOTICE OF REMOVAL

The Tribe removes Juvenile Court Case GG1815 because Tennessee's conduct constitutes:

- Violations of tribal sovereignty;
- Denial of due process;
- Equal protection violations;
- Fraud upon the court;
- Suppression of exculpatory and therapeutic evidence;
- Denial of discovery despite subpoena;
- Conducting a dependency trial without an adjudicatory order;

**From The Desk of The Prime Minister Chief LightFoot of Yamassee Tanasi Tribal Gov.within The Mund Bareefan Clan Indigenous Native American Association of Nations Original Guale, Yamassee, Mechica, Cherokee, Creek, Seminole, Washitaw, Comanche, A Party to the "Treaty of Camp Holmes 1835" & The UNDRIP Charter.**

- Excluding tribal representation after clan invocation;
- Conducting secret breakout-room proceedings without the pro se mother present;
- Systemic bias favoring the father while denying equal treatment to the Indigenous mother.

Federal jurisdiction now supersedes all state action.

# EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (TRO)

## AND REQUEST FOR IMMEDIATE FEDERAL PROTECTION

The Tribe asserts this Emergency TRO as part of the Unified Filing.

### 1. Ongoing Constitutional Violations

The November 18, 2025 trial included:

- **Denial of the mother's right to cross-examine the father;**
- **A secret, off-record meeting** between the judge, GAL, CASA, DCS, and the child—**conducted without the pro se mother present and without tribal access or notice;**
- **Judicial bias,** including rehabilitative questioning extended to the father but **not** to the mother;
- **Exclusion of exculpatory evidence** and suppression of therapeutic reports contradicting DCS's narrative;
- **Ignoring the mother's previously filed Motion to Vacate for Fraud Upon the Court;**
- **Failure to hold a 72-hour probable-cause hearing** after the child's removal, in direct violation of Tennessee law and due-process requirements;
- **Continuing the case for almost two years without ever issuing an adjudicatory order;**
- **Denial of tribal participation and refusal to recognize tribal authority despite notice and authentication.**

### 2. Immediate Danger to the Child

The testimony establishes:

- The father is a source of fear and coercion for the child;
- The child has expressed anxiety, pressure, and emotional distress;

To Verify authenticity, of Document with this water mark Please call 1-844-926-2773 Ext (1), it must have Chief LightFoot Seal and Signature, from my desk. Or contact Yamassee Registry. (667) 465- 7232 Government # 1917

**From The Desk of The Prime Minister Chief LightFoot of Yamassee Tanasi Tribal Gov.within The Mund Bareefan Clan Indigenous Native American Association of Nations Original Guale, Yamassee, Mechica, Cherokee, Creek, Seminole, Washitaw, Comanche, A Party to the "Treaty of Camp Holmes 1835" & The UNDRIP Charter.**

- The child has made statements indicating possible physical abuse;
- DCS has suppressed these disclosures.

### 3. State Orders Are Unlawful

Because no adjudicatory order exists—and due process was never afforded—the child's current placement is unsupported by law.

### 4. TRO Request

The dangers now facing Jayda are not new; they were previously presented to this Court in the pending Rule 27 proceeding, where Ms. Coleman warned that the child was in danger on the father's watch, that key records were being concealed, and that state actors were refusing to produce the very materials that would confirm the truth of the child's disclosures. The State's decision to award the father custody on November 18, 2025—despite that prior notice and despite the incident occurring while the child was in his care—transforms this from a mere preservation issue into an active federal emergency. The TRO requested here is thus a necessary extension of the already-filed Rule 27 petition, now coupled with the Tribe's sovereign demand for immediate protection of its Indigenous child and tribal member.

**The Tribe requests:**

1. Freeze all Juvenile Court orders.
2. Prohibit further contact by DCS, CASA, GAL without federal oversight.
3. **Immediate return of the child to Indigenous Mother Twana Coleman**, based on:
   - absence of any lawful adjudicatory order;
   - maternal home stability;
   - suppressed evidence substantiating abuse by the father;
   - procedural corruption during trial;
   - tribal verification of maternal safety.
4. Immediate restoration/expansion of visitation if reunification cannot occur immediately.
5. Immediate production of the full DCS case file.
6. Prohibition on retaliation.
7. Protection of tribal sovereignty.

# EMERGENCY MOTION TO STAY

Under 28 U.S.C. §1446(d), all state proceedings are automatically stayed.

**From The Desk of The Prime Minister Chief LightFoot of Yamassee Tanasi Tribal Gov.within The Mund Bareefan Clan Indigenous Native American Association of Nations Original Guale, Yamassee, Mechica, Cherokee, Creek, Seminole, Washitaw, Comanche, A Party to the "Treaty of Camp Holmes 1835" & The UNDRIP Charter.**

# MOTION FOR CHANGE OF VENUE / NEUTRAL JUDGE

Due to:

- Judicial bias;
- Suppressed evidence;
- Tribal exclusion;
- Constitutional violations;
- Fraud upon the court;

The Tribe requests assignment to a neutral federal judge.

### INCORPORATION OF RULE 27 PETITION

All factual allegations, exhibits, and preservation requests contained in Indigenous Mother Twana Coleman's previously filed Rule 27 petition in the United States District Court for the Western District of Tennessee are hereby incorporated by reference as though fully set forth in this Unified Federal Tribal Filing. The same pattern of misconduct, suppression of records, and failure to protect the child that gave rise to the Rule 27 petition now underlies this removal, the emergency TRO request, and the Tribe's demand for federal intervention following the November 18, 2025 ruling granting custody to the father.

# FEDERAL TRIBAL COMPLAINT

The Tribe asserts violations of:

- Due Process;
- Equal Protection;
- 42 U.S.C. §1983;
- Tribal Sovereignty;
- Full Faith and Credit;
- Federal Trust Obligations;
- UNDRIP;

**From The Desk of The Prime Minister Chief LightFoot of Yamassee Tanasi Tribal Gov.within The Mund Bareefan Clan Indigenous Native American Association of Nations Original Guale, Yamassee, Mechica, Cherokee, Creek, Seminole, Washitaw, Comanche, A Party to the "Treaty of Camp Holmes 1835" & The UNDRIP Charter.**

- Clan Invocation Rights;
- Fraud Upon the Court;
- Failure to Provide a Lawful Adjudicatory Order;
- Denial of Tribal Representative.

# TRIBAL RESOLUTION AUTHORIZING ACTION

The Tribal Government affirms:

- Mother invoked her Tribal Clan;
- Child is Indigenous under tribal law;
- Tennessee violated tribal rights;
- Tribe has full authority to intervene;
- Chief Lightfoot is authorized to file this action.

# DEMAND FOR JURY TRIAL

The Guale Yamassee Tanasi Tribal Government, acting through Prime Minister Chief Lightfoot as the authorized representative for Tribal Member Twana Coleman and Indigenous Child Jayda Lawrion Rhea, **hereby demands a trial by jury on all triable issues pursuant to Federal Rule of Civil Procedure 38(b) and the Seventh Amendment.**

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Unified Federal Tribal Filing and Emergency TRO was served on: _____

- **DCS Attorneys Vivian Pyatt & Kirk Stewart**
- **Foster Care Supervisor Kimberly Beasley-Chew**
- **GAL Ada Johnson**

**To Verify authenticity, of Document with this water mark Please call 1-844-926-2773 Ext (1), it must have Chief LightFoot Seal and Signature, from my desk. Or contact Yamassee Registry. (667) 465- 7232 Government # 1917**

**From The Desk of The Prime Minister Chief LightFoot of Yamassee Tanasi Tribal Gov. within The Mund Bareefan Clan Indigenous Native American Association of Nations Original Guale, Yamassee, Mechica, Cherokee, Creek, Seminole, Washitaw, Comanche, A Party to the "Treaty of Camp Holmes 1835" & The UNDRIP Charter.**

- CASA Supervisor Renee Bond
- Attorney for Father S. Rochelle McCrackin
- Shelby County Juvenile Court

Executed on: 12-4-2025

**Prime Minister Chief Lightfoot**
Authorized Tribal Representative

# SIGNATURE LINE

Respectfully submitted,
on behalf of the **Guale Yamassee Tanasi Tribal Government**

**Prime Minister Chief Lightfoot**                  Signature _Chief K. Lightfoot Lockett_
Washington, D.C. Authentication No.: # 04010010-1

Tennessee S.O.S Authentication No: # 17-02066

Email: Yamasseechief58@icloud.com

Phone: 1-844-926-2773 Ext. [101]    Fax 202-221-7883

**Twana Coleman**                                   Signature _Twana Coleman_

**State of Tennessee**

**County of Shelby**

Subscribed and sworn to (or affirmed) before me on this 4th day of December 2025. The above person('s) has proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(Seal) _signature_                                  11-13-2027

Notary Public                                       My Commission Exp.

[Notary seal: LISA R. MERRITT, STATE OF TENNESSEE, NOTARY PUBLIC, COUNTY OF SHELBY]

**To Verify authenticity, of Document with this water mark Please call 1-844-926-2773 Ext (1), it must have Chief LightFoot Seal and Signature, from my desk. Or contact Yamassee Registry. (667) 465- 7232**
**Government # 1917**