IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

GUALE YAMASSEE TANASI TRIBAL
GOVERNMENT, *acting through Prime
Minister Chief Lightfoot, as Sovereign
Tribal Authority and Clan-Authorized
Representative for Indigenous Mother*
TWANA COLEMAN *and Indigenous
Child* J.L.R.,

    Petitioners,

v.                                        Case No. 2:25-cv-03107-MSN-atc

TENNESSEE DEPARTMENT OF
CHILDREN'S SERVICES, LAWRENCE
PETER RHEA III, SHELBY COUNTY
JUVENILE COURT, CASA, GAL,
FOSTER CARE, and ALL ASSOCIATED
STATE OFFICERS AND CONTRACTORS,

    Respondents.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION, REMANDING TO STATE COURT, AND DIRECTING CLERK TO CLOSE CASE**

---

Before the Court is the United States Magistrate Judge's Report and Recommendation (ECF No. 10, "R&R"), filed December 18, 2025. Therein, the Magistrate Judge recommended denial of injunctive relief and *sua sponte* remand to state court or, in the alternative, dismissal. (*Id.*) On December 30, 2025, Petitioners timely filed Objections to the R&R.[1] (ECF No. 15.)

---

[1] Because this case is before the Court on a Notice of Removal (ECF No. 2), neither Chief Lightfoot nor Twana Coleman are properly considered plaintiffs in the traditional sense. Nevertheless, neither Chief Lightfoot nor Ms. Coleman were defendants in the juvenile court proceedings at issue; accordingly, they are not situated as typical federal defendants would be either. For lack of a better designation, the Court refers to them collectively as "Petitioners."

Respondent Tennessee Department of Children's Services ("DCS") then filed an Emergency Motion to Ascertain Jurisdictional Status (ECF No. 19) on January 29, 2026.  For the reasons given below, the Court **ADOPTS** the Report and Recommendation (ECF No. 10), **DENIES** Petitioners' Emergency Motion for Immediate Relief (ECF No. 9), **GRANTS** Respondent's Emergency Motion to Ascertain Jurisdictional Status (ECF No. 19), and **REMANDS** this case to Shelby County Juvenile Court.

## **STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute.").  Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was

wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id*. When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## FINDINGS OF FACT

The Magistrate Judge's proposed findings of fact deal almost exclusively with procedural history, descriptions of the record, and details relevant for determining whether this Court has subject-matter jurisdiction. (ECF No. 10 at PageID 834–36.) While the Petitioners clearly wish the R&R had addressed the underlying circumstances of the juvenile court proceedings in detail, *see* ECF No. 15 at PageID 902–04, the bulk of their purported factual objections seem to relate to the Magistrate Judge's characterization of the Guale Yamassee Tanasi Tribal Government and its status before the Court. (*Id.* at PageID 906–912.) But these objections, besides containing varyingly relevant citations and legal conclusions, do not ultimately dispute that Petitioners are not "an Indian tribe or band with a governing body duly recognized by the Secretary of the Interior," 28 U.S.C. § 1632, or that their legal theories are "based on their alleged sovereign tribal status." (ECF No. 10 at PageID 835.) To the extent their objections are based on offense taken at the use of the term "sovereign citizen," the Court will endeavor not to use that term. Otherwise, the Court **ADOPTS** the Magistrate Judge's proposed findings of fact in their entirety.

**PETITIONERS' OBJECTIONS**

The Magistrate Judge concluded that this Court lacks jurisdiction over the removed action for a number of reasons and thus recommended remand to state juvenile court. First, the domestic relations exception to federal jurisdiction precludes this Court from overseeing juvenile proceedings. (ECF No. 10 at PageID 841–43.) Second, the Magistrate Judge determined that Petitioners' claims must be dismissed because they are properly considered frivolous based on "tribal sovereignty theories that have no basis in fact or in law." (*Id.* at PageID 845.) Further, the Magistrate Judge considered the Notice of Removal "fatally defective." (*Id.* at PageID 842, n.7.) The R&R then goes on to recommend dismissal if, in the alternative, Petitioners' claims are properly considered an original action rather than as removed. (*Id.* at PageID 847–53.)

As a starting point, both Parties agree that the matter before the Court is not an original action. (ECF No. 15 at PageID 905–06; ECF No. 19 at PageID 954.) Petitioners object, however, to all of the Magistrate Judge's proposed conclusions of law. Nevertheless, because the Court determines that the domestic relations exception to federal jurisdiction is outcome-determinative for this matter, it is unnecessary to proceed to Petitioners' other objections.

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . defendants, to the district court of the United States for the district and division embracing the place where such action is pending." And "[d]istrict courts have original jurisdiction over civil actions that arise under federal law, or that involve parties of diverse citizenship where the amount in controversy exceeds $75,000." *Youssef v. Rose*, No. 3:23-cv-462, 2023 WL 3497136, at *1 (N.D. Ohio May 17, 2023) (citing 28 U.S.C. §§ 1331 and 1332). Further, "[i]f at any time before final

4

judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." 28 U.S.C. § 1447(c) (emphasis added).

Relevant to this case, "federal courts lack jurisdiction over domestic relations matters." McFadden v. Boyer, No. 5:25-CV-1692, 2025 WL 3187145, at *2 (N.D. Ohio Nov. 14, 2025) (citing *Danforth v. Celebrezze*, 76 F.App'x 615, 616 (6th Cir. 2003)).  Indeed, "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."  *Ex parte Burrus*, 136 U.S. 586, 593–94 (1890). Accordingly, the domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).  Though this exception does not apply to cases that have only "domestic relations overtones," "federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth*, 76 F.App'x at 616 (citation omitted).  To determine what a suit really concerns, courts "focus on the remedy." *Chevalier v. Est. of Barnhart*, 803 F.3d 789, 797 (6th Cir. 2015).

Though Petitioners make much of potential federal issues (including "tribal sovereignty"), at bottom, the chief concern is "the safety of a child."  (ECF No. 15 at PageID 919.)  To that end, Petitioners ask this Court to "SCHEDULE hearing on child safety" because "[f]ederal courts have a duty to protect children when state processes fail."  (*Id.* at PageID 920.)  Petitioners' recharacterization—"[w]e're not challenging a custody determination—we're challenging a FRAUD"—does not show that Petitioners seek anything other than "[i]mmediate return of the child" and "[i]mmediate restoration/expansion of visitation" rights.  (ECF No. 15 at PageID 904; ECF No. 2 at PageID 9.)  Because the remedy requested demonstrates that the core concern of

5

Petitioners' attempted removal is a domestic relations matter, namely the details of child welfare and custody arrangements, the Court lacks subject matter jurisdiction.[2]

## CONCLUSION

For the reasons given above, the Court concludes that it lacks subject-matter jurisdiction over the case.  Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 10), **DENIES** Petitioners' Emergency Motion for Immediate Relief (ECF No. 9), **GRANTS** Respondent's Emergency Motion to Ascertain Jurisdictional Status (ECF No. 19), and **REMANDS** this case to Shelby County Juvenile Court.  Further, Petitioners' other pending motions (ECF Nos. 22, 23, 24, and 25) are **DENIED AS MOOT**.  The Clerk is **DIRECTED** to close this case without an entry of judgment.

**IT IS SO ORDERED**, this 6th day of February, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[2] Because jurisdiction is defeated by the domestic relations exception, the Court need not take up Petitioners' objections to the Magistrate Judge's other conclusions of law, which also recommended remand for lack of subject-matter jurisdiction.